# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | | |
|---|---|---|
| SARA SHANNON and ROSA PALACIOS and DEBRA CORBELLO, Individually and on behalf of all others similarly situated, | § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 1:20-cv-00448-LY |
| v. | § § | |
| ALLSTATE INSURANCE COMPANY, | § § | |
| Defendant. | § | |

**DEFENDANT ALLSTATE INSURANCE COMPANY'S
SECOND AMENDED ANSWER AND AFFIRMATIVE DEFENSES**

Defendant Allstate Insurance Company ("AIC") respectfully submits this Second Amended Answer and Affirmative Defenses to the First Amended Class Action Complaint of Plaintiffs Sara Shannon, Rosa Palacios, and Debra Corbello, and states as follows:

Except as otherwise expressly stated, AIC denies each and every allegation contained or implied in the First Amended Class Action Complaint (whether in the body, headings, subheadings, or otherwise). AIC expressly reserves the right to seek to amend or supplement this Answer as may be warranted.

AIC further states that The Allstate Corporation was dismissed from this lawsuit for lack of personal jurisdiction pursuant to this Court's Order Adopting Report and Recommendation of the United States Magistrate Judge dated August 6, 2021 (Dkt. No. 65) (the "August 6th Order"). Accordingly, there are no claims pending against The Allstate Corporation, and the allegations against The Allstate Corporation have been dismissed.

Moreover, Plaintiffs' use and definition of the terms "Allstate" or "Defendants" throughout the First Amended Class Action Complaint is improper, vague, and misleading.  Only AIC is a proper Defendant in this matter and AIC responds only on behalf of itself.

Otherwise, the unnumbered introductory paragraph does not set forth a claim for relief or aver facts in support of a claim to which an answer is required.  And Plaintiffs' inclusion of footnotes throughout the First Amended Class Action Complaint does not comply with Federal Rule of Civil Procedure 10(b), requiring that all allegations be stated "in numbered paragraphs, each limited as far as practicable to a single set of circumstances."  As such, no response is required to these footnotes.  To the extent a response is deemed to be required, each footnote is discussed in the relevant numbered paragraphs below.

## I.   <u>INTRODUCTION</u>

1.     AIC acknowledges that Plaintiffs purport to bring this action on behalf of the identified class but denies that any claim is properly asserted or amenable to class certification. Further, AIC denies any wrongdoing or unlawful or discriminatory conduct or that Plaintiffs are harmed or entitled to any relief.

2.     Denied.

3.     AIC denies the allegations concerning the conduct of Allstate set forth in paragraph 3.  AIC is without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Farmers Insurance and Mr. Cripe, and therefore denies those allegations.

4.     The allegations in paragraph 4 are not directed at AIC and therefore no response from AIC is required.  AIC is without knowledge or information sufficient to form a belief as to the truth of any allegations concerning Farmers Insurance and therefore denies the allegations. AIC denies and rejects any attempt by Plaintiff to apply any allegations, facts, or legal conclusions

from that lawsuit to this case.  To the extent the allegations in this paragraph describe a settlement agreement in the case captioned *Grigson et al. v. Farmers Group, Inc.*, W.D. Tex. Civil Action No. 1:17-cv-00088-LY, AIC refers the court to that settlement agreement and denies any attempt by Plaintiff to characterize the document(s).

5.      Denied.

6.      Denied.

7.      AIC denies the allegations contained in paragraph 7.  To the extent footnote 1 in paragraph 7 refers to documents, AIC refers the Court to those documents for their contents.

8.      Denied.

9.      AIC denies the allegations contained in paragraph 9 and further denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking and refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms.  Further, AIC denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking in footnote 2 and refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms.

10.     AIC denies the allegations contained in paragraph 10 and further denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking and refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms.

11.     AIC denies the allegations contained in paragraph 11 and further denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking and refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms.

12.     AIC denies the allegations contained in paragraph 12 and further denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking and refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms.

13.     Denied.

14.     Paragraph 14 offers legal conclusions to which no response is required.   AIC respectfully refers questions of law to the Court.   To the extent a response is required, AIC denies the allegations.

15.     Paragraph 15 states a series of legal conclusions to which no response is required. To the extent a response is required, AIC denies the allegations, denies any wrongdoing or illegal or unfairly discriminatory conduct, and denies that Plaintiffs are harmed or entitled to any relief.

## II.     **PARTIES**

16.     AIC is without knowledge or information sufficient to form a belief concerning the residence of Plaintiff Sara Shannon, and therefore denies the allegations.   AIC admits that Plaintiff Sara Shannon has purchased private passenger auto insurance from Allstate Fire & Casualty Insurance Company issued to her at an address in Buda, Texas, and refers the Court to the policy for its terms.

17.     AIC is without knowledge or information sufficient to form a belief concerning the residence of Plaintiff Rosa Palacios, and therefore denies the allegations.   AIC admits that Plaintiff Rosa Palacios has purchased private passenger auto insurance from Allstate Fire & Casualty Insurance Company issued to her at an address in Buda, Texas, and refers the Court to the policy for its terms.

18.     AIC is without knowledge or information sufficient to form a belief concerning the residence of Plaintiff Debra Corbello, and therefore denies the allegations.   AIC admits that

Plaintiff Debra Corbello previously purchased private passenger auto insurance from Allstate Indemnity Company issued to her at an address in Red Oak, Texas, and refers the Court to the policy for its terms.

19.     The Allstate Corporation was dismissed from this lawsuit for lack of personal jurisdiction pursuant to the Court's August 6th Order.  Accordingly, The Allstate Corporation is no longer a Defendant in this lawsuit.  The allegations are not directed at AIC and therefore no response from AIC is required.

20.     AIC admits that it is an Illinois corporation with its principal place of business at 2775 Sanders Road, Northbrook, Illinois 60062 and that its Registered Agent in Texas is CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, TX 75201.

21.     The allegations in paragraph 21 are directed at The Allstate Corporation.  The Allstate Corporation has been dismissed from this lawsuit for lack of personal jurisdiction pursuant to the Court's August 6th Order.  The allegations are not directed at AIC and therefore no response from AIC is required.  To the extent the allegations in the second sentence of paragraph 21 are directed at AIC, those allegations state a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.  With respect to footnote 3, Plaintiffs refer to a corporate organizational chart which is in writing and denies any allegations at variance.

22.     AIC admits that Allstate County Mutual Insurance Company is a licensed county mutual insurance company in the State of Texas.  The reference to proxy or similar agreement is vague, undefined, and not limited in time.  To the extent Plaintiffs refer to a document in writing, AIC refers the Court to the document for its terms and denies all allegations at variance.  To the extent the allegations in paragraph 22 concern the Allstate Corporation, no response from AIC is required.  The Allstate Corporation has been dismissed from this lawsuit for lack of personal

jurisdiction pursuant to the Court's August 6th Order.  AIC denies that it requires Allstate County Mutual policyholders to sign an agreement delegating the policyholder's voting powers to individuals who are employees or officers of AIC.  Further, the allegation that certain officers "control and direct the Allstate County Mutual Insurance Company" is a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

23.     To the extent the allegations in paragraph 23 are directed at The Allstate Corporation, no response from AIC is required.  The Allstate Corporation has been dismissed from this lawsuit for lack of personal jurisdiction pursuant to the Court's August 6th Order.  AIC otherwise denies the allegations in paragraph 23.

24.     The allegations in paragraph 24 are directed at The Allstate Corporation, and thus no response from AIC is required.  The Allstate Corporation has been dismissed from this lawsuit for lack of personal jurisdiction pursuant to the Court's August 6th Order.  Further, to the extent Plaintiffs purport to characterize documents which are in writing, AIC refers the Court to those documents for their terms and denies any allegations at variance.

25.     The allegations in paragraph 25 are directed at The Allstate Corporation, and thus no response from AIC is required.  The Allstate Corporation has been dismissed from this lawsuit for lack of personal jurisdiction pursuant to the Court's August 6th Order.  Further, to the extent Plaintiffs purport to characterize documents which are in writing, AIC refers the Court to those documents for their terms and denies any allegations at variance.

26.     To the extent that the allegations in paragraph 26 are directed at The Allstate Corporation, no response from AIC is required.  The Allstate Corporation has been dismissed from this lawsuit for lack of personal jurisdiction pursuant to the Court's August 6th Order.  Further, to

the extent Plaintiffs purport to characterize documents which are in writing, AIC refers the Court to those documents for their terms and denies any allegations at variance.

27.     To the extent that the allegations in paragraph 27 are directed at The Allstate Corporation, no response from AIC is required.  The Allstate Corporation has been dismissed from this lawsuit for lack of personal jurisdiction pursuant to the Court's August 6th Order.  AIC otherwise denies the allegations in paragraph 27.

28.     The allegations in paragraph 28 are directed at non-parties and not AIC, therefore no response from AIC is required.  To the extent a response is required, AIC denies the allegations in the first sentence of paragraph 28.  The allegations in the second sentence of paragraph 28 include a vague reference to "public financial filings" which are undefined and not limited in time. AIC admits that public financial filings exist in Texas that identify corporate officers, but it is unclear as to what such filings Plaintiffs refer and for what time period.  Thus, AIC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations in paragraph 28 and therefore denies them.

29.     The allegations in paragraph 29 are directed at non-parties and not AIC, therefore no response from AIC is required.  AIC denies Plaintiffs' characterization that the personnel are "virtually identical" as that term is vague and undefined.  The allegations in the second sentence of paragraph 29, including all subparts, fail to specify a time period and thus are vague and undefined.  Those allegations appear to characterize documents which are in writing.  AIC admits that public financial filings exist for Allstate entities in Texas that identify corporate officers, but it is unclear as to what such filings Plaintiffs refer and for what time period.  Thus, AIC lacks information or knowledge sufficient to form a belief as to the truth of the remaining allegations of paragraph 29 and therefore denies them.

30.     AIC admits that one hundred percent of the so-called Allstate Insuring Entities' auto insurance business in Texas is reinsured by AIC.

31.     To the extent paragraph 31 includes allegations aimed at The Allstate Corporation, no response from AIC is required.  The Allstate Corporation has been dismissed from this lawsuit for lack of personal jurisdiction pursuant to the Court's August 6th Order.  The allegations in the first two sentences of paragraph 31 are legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.  With respect to the allegations in the third and fourth sentences of paragraph 31, AIC admits that it provides employees who perform services and functions for and on behalf of the Allstate Texas Insuring Entities including underwriting, human resource services, legal services, claims adjustment, marketing and advertising, and finance-related services.  AIC denies that such services are performed in AIC's own capacity.  While the date range for this allegation is not defined and remains unclear, the version of the Amended and Restated Services Agreement dated January 1, 2004, together with Amendment No. 1 thereto dated January 1, 2009, confirm that services are performed "in a manner intended to assure the separate operating identity of the Affiliate."  It further provides that services performed by AIC are performed by persons in their capacity as agents of the Affiliate at issue and the cost of such services is assigned to the Affiliate.

32.     To the extent paragraph 32 includes allegations aimed at The Allstate Corporation, no response from AIC is required.  The Allstate Corporation has been dismissed from this lawsuit for lack of personal jurisdiction pursuant to the Court's August 6th Order.  AIC admits that it performs services and functions for the Allstate Texas Insuring Entities including product design, actuarial and underwriting services, and services related to agents.  AIC denies that such services are performed in AIC's own capacity.  While the date range for this allegation is undefined and

remains unclear, the version of the Amended and Restated Services Agreement dated January 1, 2004, together with Amendment No. 1 thereto dated January 1, 2009, confirm that services are performed "in a manner intended to assure the separate operating identity of the Affiliate." It further provides that services performed by AIC are performed by persons in their capacity as agents of the Affiliate at issue and the cost of such services is assigned to the Affiliate.

33.     Denied. To the extent paragraph 33 includes allegations aimed at The Allstate Corporation, no response from AIC is required. The Allstate Corporation has been dismissed from this lawsuit for lack of personal jurisdiction pursuant to the Court's August 6th Order.

34.     To the extent that the allegations in paragraph 34 and footnote 5 are directed at The Allstate Corporation, no response from AIC is required. The Allstate Corporation has been dismissed from this lawsuit for lack of personal jurisdiction pursuant to the Court's August 6th Order. Further, paragraph 34 and footnote 5 offer a series of legal conclusions to which no response is required. To the extent a response is required, AIC denies the allegations.

35.     To the extent that the allegations in paragraph 35 are directed at The Allstate Corporation, no response from AIC is required. The Allstate Corporation has been dismissed from this lawsuit for lack of personal jurisdiction pursuant to the Court's August 6th Order. Further, paragraph 35 offers a series of legal conclusions to which no response is required. To the extent a response is required, AIC denies the allegations.

### III. JURISDICTION AND VENUE

36.     Paragraph 36 states legal conclusions to which no response is required.

37.     Paragraph 37 states a legal conclusion to which no response is required. In its August 6th Order, this Court concluded that it does not have personal jurisdiction over The Allstate

Corporation.  Therefore, AIC denies the allegations in paragraph 37 to the extent they are at variance with the Court's August 6th Order.

38.     Paragraph 38 states a legal conclusion to which no response is required.

39.     Paragraph 39 states a legal conclusion to which no response is required.  In its August 6th Order, this Court concluded that it does not have personal jurisdiction over The Allstate Corporation.  Therefore, AIC denies the allegations in paragraph 39 to the extent they are at variance with the Court's August 6th Order.  Further, to the extent a response is required with respect to the allegations concerning AIC, AIC denies the allegations.

40.     Paragraph 40 states a legal conclusion to which no response is required.  To the extent a response is deemed to be required, AIC admits that Allstate Fire & Casualty Insurance Company issued insurance to Plaintiff Sara Shannon and Plaintiff Rosa Palacios, each of whom purport to reside in Harris County, Texas, and that this Court is located in Travis County, Texas, but denies the remaining allegations.  Further answering, to the extent Plaintiffs refer to the contents of Sections 544.052 and 544.054 of the Texas Insurance Code, AIC refers the Court to the Texas Insurance Code for its terms and denies all allegations at variance.

## IV.   FACTUAL ALLEGATIONS

### A.   Allstate is a Major Auto Insurance Provider in Texas and Auto Insurance is a Significant Household Cost.

41.     The heading(s) and sub-heading(s) preceding paragraph 41 are denied.  To the extent Plaintiffs characterize documents maintained by the Texas Department of Insurance, AIC refers the Court to those documents for their terms and denies all allegations at variance.  Further answering, the allegations in paragraph 41 are vague and unclear as to the entities referred to, and AIC denies the allegations.

42.     AIC is without knowledge or sufficient information to form a belief as to the truth of the allegations, and therefore denies the allegations in paragraph 42.

**B.      Allstate's Unfairly Discriminatory "Open/Closed" Scheme**

43.     The subheading preceding paragraph 43 is denied.  With respect to the allegations contained in paragraph 43, AIC admits that there are multiple Allstate-branded insurance companies authorized to sell and issue private passenger auto insurance in the State of Texas.  AIC otherwise denies the remaining allegations in paragraph 43.

44.     AIC admits that Allstate Fire & Casualty Insurance Company, Allstate County Mutual Insurance Company—Access, Allstate Indemnity Company, and Allstate County Mutual Insurance Company—Classic, are licensed private passenger auto insurance companies in the State of Texas.  To the extent Plaintiffs attempt to characterize the operations of these entities, AIC denies the allegations.  Furthermore, AIC objects to Plaintiffs use of the terms "'open' books" and "'closed' books" and denies the definitions Plaintiffs have given those terms.

45.     AIC admits that Allstate Fire & Casualty Insurance Company and Allstate County Mutual Insurance Company—Access currently sell and issue private passenger auto insurance policies to new customers in the State of Texas.  To the extent Plaintiffs attempt to characterize the operations of these entities, AIC denies the allegations.  Further, AIC objects to Plaintiffs' use of the term "'open' books" and denies the definition Plaintiffs have given to that term.

46.     AIC admits that Allstate Indemnity Company and Allstate County Mutual Company—Classic do not currently sell or issue private passenger auto insurance to new customers in the State of Texas.  AIC admits that this change in the business structure of Allstate Indemnity Company and Allstate County Mutual Company—Classic occurred on particular dates in the past.  AIC admits that current policyholders of Allstate Indemnity Company and Allstate

County Mutual Company—Classic are required to have been policyholders on dates on which the business structure of these entities was changed.  AIC objects to Plaintiffs' use of the term "'closed' books" and denies the definition Plaintiffs have given to that term.  AIC otherwise denies the remaining allegations in paragraph 46.

47.   AIC admits that Allstate Fire & Casualty Insurance Company, Allstate County Mutual Company—Access, Allstate Indemnity Company, and Allstate County Mutual Company—Classic generally issue private passenger auto insurance policies for six-month policy periods.  AIC is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations, and therefore denies those allegations.

48.   Denied.

49.   AIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 concerning an alleged phone call between Plaintiff Corbello and a third-party, and therefore denies those allegations.  Further, AIC denies the suggestion that it acted contrary to the law.

50.   Denied.

51.   Denied.

52.   Denied.  To the extent a response is required for the allegations stated in footnote 7, AIC admits that independent agents of Allstate are not assigned to any Allstate insuring entity.

53.   Denied.

54.   Denied.

55.   Denied.

56.   Denied.

57.   Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Paragraph 62 offers a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

63.     To the extent paragraph 63 offers a legal conclusion, no response is required.  To the extent a response is required, AIC denies the allegations.

64.     Denied.

65.     Denied.

66.     Paragraph 66 offers a legal conclusion to which no response is required.  AIC denies Plaintiffs' characterization of their claims as not challenging filed rates or rating factors.  To extent any further response is required, AIC denies the allegations.

67.     Denied.

68.     Denied.

69.     Denied.

70.     AIC is without knowledge or information sufficient to form a belief as to the truth of any allegations concerning Farmers Insurance or Mr. Cripe, and therefore denies the allegations. AIC denies and rejects any attempt by Plaintiffs to apply any allegations, facts, or legal conclusions from the case captioned *Grigson et al. v. Farmers Group, Inc.*, W.D. Tex. Civil Action No. 1:17-cv-00088-LY to this case.

C.     **Allstate's Unfairly Discriminatory "Price Tolerance" Scheme.**

71.     The subheading before this paragraph is denied.   AIC otherwise denies the allegations in paragraph 71.

72.     Denied.

73.     AIC denies the allegations contained in the first sentence of paragraph 73.   With respect to the allegations contained in the second sentence of paragraph 73, AIC denies Plaintiffs' characterization of the ratemaking of Allstate Fire & Casualty Insurance Company and refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms.   AIC otherwise denies the allegations in the second sentence of paragraph 73.

74.     AIC denies the allegations contained in paragraph 74.   To the extent that Plaintiffs characterize Allstate Fire & Casualty Insurance Company's ratemaking, AIC refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms and denies all allegations at variance.

75.     AIC denies the allegations contained in paragraph 75.   Further, AIC denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking,  refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms, and denies all allegations at variance.

76.     AIC denies the allegations contained in paragraph 76.   Further, AIC denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking, refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms, and denies all allegations at variance.

77.     AIC denies the allegations contained in paragraph 77.   Further, AIC denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking, refers

the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms, and denies all allegations at variance.

78.     AIC denies the allegations contained in paragraph 78.  Further, AIC denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking,  refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms, and denies all allegations at variance.  AIC also denies that Allstate Fire & Casualty Insurance Company has acted unlawfully or in an unfairly discriminatory manner.

79.     AIC denies the allegations contained in paragraph 79.  Further, AIC denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking,  refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms, and denies all allegations at variance.  AIC also denies that Allstate Fire & Casualty Insurance Company has acted unlawfully or in an unfairly discriminatory manner.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Paragraph 83 offers a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations in paragraph 83 and denies Plaintiffs' characterization of their claims.

84.     Denied.

85.     Denied.

**D.     Allstate's Unfair Discriminatory Conduct is Carried Out in the Dark By Allstate Itself.**

86.     AIC denies the subheading preceding paragraph 86.  AIC denies allegations in paragraph 86.

87.     Denied.

88.     Denied.

89.     AIC denies the allegations in paragraph 89.  To the extent the final sentence of paragraph 89 includes allegations concerning a statement by a third-party, AIC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore AIC denies those allegations.

90.     AIC denies the allegations contained in paragraph 90.  Further, AIC denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking, refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms, and denies all allegations at variance.

91.     AIC denies the allegations contained in paragraph 91.  Further, AIC denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking, refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms, and denies all allegations at variance.

92.     To the extent the allegations in paragraph 92 offer a legal conclusion, no response is required.  To the extent a response is required, AIC denies the allegations contained in paragraph 92.  Further, AIC denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking,  refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms, and denies all allegations at variance.

93.     AIC denies the allegations contained in paragraph 93.  Further, AIC denies Plaintiffs' characterization of Allstate Fire & Casualty Insurance Company's ratemaking,  refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms, and denies all allegations at variance.

94.     AIC denies the allegations in paragraph 94.  To the extent of paragraph 94 includes allegations concerning a statement by a third-party, AIC is without knowledge or information sufficient to form a belief as to the truth of the allegations, and therefore AIC denies those allegations.  To the extent paragraph 94 includes allegations concerning a document, AIC refers the Court to the document for its contents but does not admit the veracity.

**E.**      **Allstate is Aware That Its Conduct Is Unfairly Discriminatory in Violation of Texas Law.**

95.     AIC denies the subheading preceding paragraph 95.  AIC denies the allegations in paragraph 95.

96.     Denied.

97.     Denied.

98.     AIC denies the allegations in paragraph 98.  To the extent Plaintiffs characterize an opinion issued in another suit, AIC refers the Court to that document for its terms and denies all allegations at variance.  Further, the allegations concerning Farmers Insurance and Mr. Cripe are not directed to AIC and thus no response is required.  To the extent a response is required, AIC is without knowledge or information sufficient to form a belief as to the truth of those allegations, and therefore denies the allegations.

99.     Denied.

100.    AIC denies the allegations contained in the first sentence of paragraph 100.  The second sentence of paragraph 100 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

101.    Denied.

102.    The allegations in the first two sentences of paragraph 102 are vague and unclear concerning what alleged information was sought, from whom, and when, thus AIC is without

sufficient knowledge or information to form a belief as to the truth of the allegations in those sentences and therefore denies them.  AIC admits the existence of an OPIC letter dated October 20, 2015 directed to the Texas Department of Insurance and copying Allstate Fire & Casualty Insurance Company that may be what Plaintiffs reference in the third sentence of paragraph 102 and admits that the letter includes some but not all of the quoted language and that the letter includes additional language that is not quoted.  Because the quote does not accurately and fully reflect the language of the October 20, 2015 letter and Plaintiffs' allegation does not specify the day on which the referenced letter was sent, AIC lacks information or knowledge sufficient to form a basis as to the truth of the allegations concerning its remaining content and therefore denies the same.  AIC denies all further characterization of the document.

103.    To the extent the allegations of paragraph 103 reference the OPIC letter dated October 20, 2015, AIC admits that the quoted language appears in the document.  AIC denies all further characterization of that document.  Further, to the extent the allegations offer a legal conclusion, no response is required.  To the extent a response is required, AIC denies the allegations.  AIC also denies any intentional unfair discrimination or violation of Texas law.

104.    Denied.

**F.    Plaintiffs and Class Members Incurred Economic Damages Due to Allstate's Unfair Discrimination**

105.    The subheading preceding paragraph 105 is denied.  AIC otherwise denies the allegations in paragraph 105.

106.    Denied.

107.    AIC denies the allegations contained in paragraph 107.  Further, AIC denies Plaintiffs' characterization of the ratemaking of Allstate Fire & Casualty Insurance Company,

refers the Court to Allstate Fire & Casualty Insurance Company's filed rates for their terms, and denies all allegations at variance.

108.    Denied.

109.    Paragraph 109 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

110.    Paragraph 110 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

111.    AIC denies the allegations in the first two sentences of paragraph 111.  The third sentence of paragraph 111 offers a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

**G.    Fraudulent Concealment, Tolling, and Discovery Rule**

112.    AIC denies the subheading before paragraph 112.    AIC otherwise denies the allegations in paragraph 112.

113.    Denied.

114.    Denied.

115.    Paragraph 115 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

116.    The first sentence of paragraph 116 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.  AIC otherwise denies the allegations in the second sentence of paragraph 116.

117.    Paragraph 117 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

118.    Denied.

119.    AIC is without knowledge or information sufficient to form a belief as to the truth of the vague allegations in paragraph 119 concerning an alleged statement of a third-party, and therefore denies those allegations.  AIC also denies the suggestion that it acted contrary to the law.

120.    Paragraph 120 offers a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

## V. PLAINTIFFS' INDIVIDUAL FACTS

### A.    Plaintiff Sara Shannon

121.    AIC admits that Plaintiff Sara Shannon has purchased private passenger auto insurance from Allstate Fire & Casualty Insurance Company since at least 2010.  AIC otherwise denies the allegations in paragraph 121.

122.    Paragraph 122 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations and denies that any claim has been properly asserted or that any claim is amenable to class treatment.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

### B.    Plaintiff Rosa Palacios

127.    AIC admits that Plaintiff Rosa Palacios has purchased private passenger auto insurance from Allstate Fire & Casualty Insurance Company since 2014.  AIC otherwise denies the allegations in paragraph 127.

128.    Paragraph 128 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations and denies that any claim has been properly asserted or that any claim is amenable to class treatment.

129.     The first sentence of paragraph 129 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.  AIC otherwise denies the remaining allegations in paragraph 129.

130.     Denied.

131.     Denied.

132.     Paragraph 132 offers a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

C.     **Plaintiff Debra Corbello**

133.     AIC admits that Plaintiff Debra Corbello purchased private passenger auto insurance from Allstate Indemnity Company from at least 2010 until March 2020.  AIC otherwise denies the allegations in paragraph 133.

134.     Paragraph 134 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations and denies that any claim has been properly asserted or that any claim is amenable to class treatment.

135.     The first sentence of paragraph 135 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.  AIC otherwise denies the remaining allegations in paragraph 135.

136.     To the extent Plaintiffs attempt to characterize a document in writing, AIC refers the Court to the document for its terms and denies any allegations at variance.  Further, AIC lacks without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 136 and therefore denies them.

137.     To the extent Plaintiffs attempt to characterize a document in writing, AIC refers the Court to the document for its terms and denies any allegations at variance.  Further, AIC is

without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 137 and therefore denies them.

138.    Paragraph 138 states a legal conclusion to which no response is required.  To the extent Plaintiffs attempt to characterize a document in writing, AIC refers the Court to the document for its terms and denies any allegations at variance.  Further, AIC is without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 138 and therefore denies them.

139.    AIC is without knowledge or information sufficient to form a belief as to the allegations in paragraph 139, and therefore denies the allegations.

140.    Denied.

141.    Paragraph 141 offers a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

142.    Paragraph 142 offers a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

## VI.    CLASS ACTION ALLEGATIONS

143.    AIC acknowledges that Plaintiffs purport to bring a class action on behalf of the identified classes pursuant to the specific provisions of the Federal Rules of Civil Procedure but denies that any claims are properly asserted or are amenable to class certification.  AIC otherwise denies the allegations in paragraph 143.

144.    AIC acknowledges that Plaintiffs purport to bring a class action on behalf of the classes of persons identified in paragraph 143 and excluding those persons identified in paragraph 144 but denies that any claims are properly asserted or amenable to class certification.  AIC otherwise denies the allegations contain in paragraph 144.

145.    AIC acknowledges that Plaintiffs purport to reserve a right to modify or amend the definitions of the proposed classes but denies that any claim is properly asserted or is amenable to class certification.   To the extent that paragraph 145 offers a legal conclusion, no response is required.   To the extent a response is required, AIC denies the allegations.   AIC otherwise denies the allegations in paragraph 145.

146.    Paragraph 146 states a legal conclusion to which no response is required.   To the extent a response is required, AIC denies the allegations.   AIC further denies that any claims are properly asserted or amenable to class certification.

147.    Paragraph 147 states a legal conclusion to which no response is required.   To the extent a response is required, AIC denies the allegations.   AIC further denies that any claims are properly asserted or amenable to class certification.

148.    Paragraph 148 and its subparts state a legal conclusion to which no response is required.   To the extent a response is required, AIC denies the allegations.   AIC further denies that any claims are properly asserted or amenable to class certification.

149.    Paragraph 149 states a legal conclusion to which no response is required.   To the extent a response is required, AIC denies the allegations.   AIC further denies that any claims are properly asserted or amenable to class certification.

150.    Paragraph 150 states a legal conclusion to which no response is required.   To the extent a response is required, AIC denies the allegations.   AIC further denies that any claims are properly asserted or amenable to class certification.

151.    Paragraph 151 states a legal conclusion to which no response is required.   To the extent a response is required, AIC denies the allegations.   AIC further denies that any claims are properly asserted or amenable to class certification or that Plaintiffs are entitled to any relief.

152.     Paragraph 152 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.  AIC further denies that any claims are properly asserted or amenable to class certification or that Plaintiffs are harmed or entitled to any relief.

## FIRST CAUSE OF ACTION

### VIOLATION OF TEXAS INSURANCE CODE § 544.052
### (Individually and on Behalf of the Open/Closed Class)

153.     Allstate repeats, reasserts, and incorporates by reference, as if fully set forth herein, its responses to the allegations in paragraphs 1 through 152 of the First Amended Class Action Complaint.

154.     AIC acknowledges that Plaintiff Corbello purports to bring this action on behalf of herself and the persons identified in paragraph 143 but denies that any claim is properly asserted or is amenable to class certification.  AIC otherwise denies the allegations in paragraph 154.

155.     Paragraph 155 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

156.     To the extent Plaintiffs refer to the contents of Section 544.054 of the Texas Insurance Code, AIC refers the Court to the Texas Insurance Code for its terms and denies any allegations at variance.  To the extent paragraph 156 offers a legal conclusion concerning the Texas Insurance Code, no response is required.  To the extent a response is required, AIC denies the allegations.

157.     To the extent Plaintiffs refer to the contents of the Texas Insurance Code, AIC refers the Court to the Texas Insurance Code for its terms and denies any allegations at variance.  To the extent paragraph 157 offers a legal conclusion concerning the Texas Insurance Code, no response is required.  To the extent a response is required, AIC denies the allegations.

158.     Paragraph 158 states legal conclusions concerning the purported class and class members to which no response is required.  To the extent a response is required, AIC denies the allegations.  AIC otherwise denies the allegations in the third sentence of paragraph 158.

159.     Paragraph 159 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

160.     Paragraph 160 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

161.     Paragraph 161 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

162.     Paragraph 162 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

163.     Denied.

164.     AIC denies the allegations in paragraph 164.  Further, AIC denies Plaintiffs' attempts to reference this Court's ruling in another legal action not currently before the court.

165.     Paragraph 165 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

166.     Paragraph 166 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

## SECOND CAUSE OF ACTION

### VIOLATION OF TEXAS INSURANCE CODE § 544.052
### (Individually and on Behalf of the Price Tolerance Class)

167.     Allstate repeats, reasserts, and incorporates by reference, as if fully set forth herein, its responses to the allegations in paragraphs 1 through 166 of the First Amended Class Action Complaint.

168.    Allstate acknowledges that Plaintiffs Shannon and Palacios purport to bring this action on behalf of herself and the persons identified in paragraph 143 but denies that any claim is properly asserted or is amenable to class certification.  AIC otherwise denies the allegations in paragraph 168.

169.    To the extent Plaintiffs refer to the contents of Section 544.052 of the Texas Insurance Code, AIC refers the Court to the Texas Insurance Code for its terms and denies any allegations at variance.  To the extent paragraph 169 offers a legal conclusion concerning the Texas Insurance Code, no response is required.  To the extent a response is required, AIC denies the allegations.

170.    To the extent Plaintiffs refer to the contents of Section 544.054 of the Texas Insurance Code, AIC refers the Court to the Texas Insurance Code for its terms and denies any allegations at variance.  To the extent paragraph 170 offers a legal conclusion concerning the Texas Insurance Code, no response is required.  To the extent a response is required, AIC denies the allegations.

171.    Paragraph 171 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

172.    Paragraph 172 offers a series of legal conclusions to which no response is required. To the extent a response is required, AIC denies the allegations.  Further, AIC denies that any claim is properly asserted, denies that any claim is amenable to class treatment, denies that Plaintiffs have been harmed, and denies that Plaintiffs are entitled to any relief.

173.    Denied.

174.    Paragraph 174 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

175.    Paragraph 175 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.  Further, AIC denies any wrongdoing or unlawful conduct or that Plaintiffs are harmed or entitled to any relief.

176.    Paragraph 176 states a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

177.    Paragraph 177 states legal conclusions to which no response is required.  To the extent a response is required, AIC denies the allegations.

178.    Denied.

179.    Paragraph 179 offers a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

180.    Paragraph 180 offers a legal conclusion to which no response is required.  To the extent a response is required, AIC denies the allegations.

## JURY DEMAND

This paragraph of the First Amended Class Action Complaint contains no allegation and therefore requires no response.

## PRAYER FOR RELIEF

AIC denies that Plaintiffs are entitled to the relief requested in the "wherefore" clause in the "Prayer for Relief" section in the First Amended Class Action Complaint, including all subparts thereof.

## GENERAL DENIAL

AIC denies each and every allegation of the First Amended Class Action Complaint not specifically admitted in this Answer.

## **AFFIRMATIVE DEFENSES**

As affirmative, separate, and other defenses to the First Amended Class Action Complaint, Defendant Allstate Insurance Company ("AIC") respectfully submits the following affirmative defenses without assuming the burden of proof on matters where AIC has no such burden.  In doing so, AIC respectfully reserves the right to restate, re-evaluate, or recall any defenses and to assert additional defenses based on information learned or obtained during discovery.

### **First Defense**

The First Amended Class Action Complaint fails to state a claim upon which relief can be granted.

### **Second Defense**

AIC generally denies liability and states that Plaintiffs are not entitled to any relief sought.

### **Third Defense**

Defendant's actions were based on sound actuarial principles and non-discriminatory and therefore do not constitute a violation of Texas Insurance Code Section 544.052.

### **Fourth Defense**

Plaintiffs' First Amended Class Action Complaint and claims are barred, in whole or in part, by waiver.

### **Fifth Defense**

Plaintiffs' First Amended Class Action Complaint and claims are barred, in whole or in part, by the statute of limitations.

### **Sixth Defense**

Plaintiffs' First Amended Class Action Complaint and claims are barred, in whole or in part, by estoppel.

## Seventh Defense

Plaintiffs' First Amended Class Action Complaint and claims are barred, in whole or in part, because Plaintiffs have not suffered any damages.

## Eight Defense

Plaintiffs' First Amended Class Action Complaint and claims are barred, in whole or in part, by the filed rate doctrine.

## Ninth Defense

Plaintiffs' First Amended Class Action Complaint and claims are barred, in whole or in part, by the primary jurisdiction doctrine.

## Tenth Defense

Plaintiffs have failed to state a claim eligible for class treatment.

## Eleventh Defense

All claims for damages are, in whole or in part, too speculative to permit recovery.

## Twelfth Defense

Plaintiffs' First Amended Class Action Complaint and claims are barred, in whole or in part, because Allstate Insurance Company did not issue insurance to Plaintiffs.

## Thirteenth Defense

Plaintiffs have failed to join necessary parties.

## Fourteenth Defense

Plaintiffs lack standing.

## Fifteenth Defense

Plaintiffs' First Amended Class Action Complaint and claims are barred, in whole or in part, because Plaintiffs have failed to exhaust administrative remedies under the laws and regulations of the State of Texas.

## Additional Defenses

AIC reserves the right to amend its Affirmative Defenses to assert additional affirmative defenses based on information learned or obtained through discovery or subsequent investigation.

**WHEREFORE**, Defendant Allstate Insurance Company respectfully prays that Plaintiffs take nothing by their suit, that Allstate Insurance Company be allowed to recover the costs which it has incurred by reason of the charges and allegations against it by Plaintiffs, and that the Court grant Allstate Insurance Company such other and further relief, both at law and in equity, both general and specific, to which Allstate Insurance Company may show itself justly entitled.

Date: February 28, 2022                    Respectfully submitted,

*/s/ Amy L. Ruhland*

Amy L. Ruhland (Rudd)
Texas Bar No. 24043561
DLA Piper LLP (US)
401 Congress Avenue, Suite 2500
Austin, TX 78701-3799
Telephone: 512-457-7220
Facsimile: 512-721-2220
Amy.Ruhland@us.dlapiper.com

*/s/ Michael P. O'Day*

*/s/ William W. Reichart III*

Michael P. O'Day (admitted *pro hac vice*)
William W. Reichart III (admitted *pro hac vice*)
DLA Piper LLP (US)
The Marbury Building
6225 Smith Avenue
Baltimore, MD 21209-3600
Telephone: 410.580.3000
Facsimile: 410.580.3001
Michael.Oday@us.dlapiper.com
Wes.Reichart@us.dlapiper.com

*Attorneys for Defendant*
*Allstate Insurance Company*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the 28th day of February 2021, I electronically filed the foregoing

with the clerk of the court by using the CM/ECF system which will send a notice of electronic

filing to:

**ATTORNEYS FOR PLAINTIFFS**

*/s/ Amy L. Ruhland*
Amy L. Ruhland (Rudd)